UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


CARLOS A. MCGREW (#413135)

VERSUS                                              CIVIL ACTION

JAMES TILLMAN, ET AL                               NUMBER 09-1022-RET-SCR


RULING ON MOTION TO REVOKE IN FORMA PAUPERIS STATUS
and
ORDER TO PAY FILING FEE

Before the court is the defendants' Motion to Revoke Order on Motion to Proceed In Forma Pauperis. Record document number 42. The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Maj. Steve Brentgettsy, Maj. James Tillman, Col. Charles Honeycutt and Assistant Warden Joe Lamartiniere. Plaintiff alleged that the defendants have harassed him in retaliation for refusing to withdraw an administrative grievance in violation of his constitutional rights.

Plaintiff filed a motion to proceed in forma pauperis.[2] On December 9, 2009, the plaintiff's motion to proceed in forma pauperis was granted.[3]

Defendants moved to revoke the plaintiff's in forma pauperis

---

[1] Record document number 43.

[2] Record document number 2.

[3] Record document number 4.

status on the grounds that the plaintiff has accumulated three strikes pursuant to 28 U.S.C. § 1915(g).

Section 1915 of Title 28 of the United States Code provides in pertinent part the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g), as amended.

In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), the Fifth Circuit Court of Appeals held that: (1) § 1915(g) applies to cases pending on the effective date of the statute; and, (2) a suit dismissed prior to the effective date of the statute on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, is considered within the ambit of the "three strikes" provision of § 1915(g). Dismissals as frivolous in the district courts or the court of appeals count for the purposes of the statute. *Id*. Dismissals include only those for which appeal has been exhausted or waived. *Id*. However, dismissals later reversed are not to be counted as a strike. *Id*. By contrast, the frivolous appeal of a lower court's dismissal as frivolous counts twice. *Id*.

Plaintiff has, on more than three prior occasions, while incarcerated, brought an action in federal court that was dismissed

as  frivolous or for failure to state a claim upon which relief can be granted.[4]  Section 1915(g) contains an exception that allows prisoners whose privileges have been revoked to proceed in forma pauperis in cases involving imminent danger of serious physical injury.  Plaintiff's claims do not fall under the exception.

RULING

Accordingly, the defendants' Motion to Revoke Order on Motion to Proceed In Forma Pauperis is granted and the plaintiff's in forma pauperis status is REVOKED.

ORDER

IT IS ORDERED that the plaintiff is granted 20 days from the date of this order to pay the court's filing fee in the amount of $350.

IT IS FURTHER ORDERED that except for proceedings related to the plaintiff's payment of the filing fee, further proceeding in this case are stayed until the plaintiff pays the filing fee.

Baton Rouge, Louisiana, January 10, 2011.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4]  A list of cases and appeals dismissed as frivolous or for failure to state a claim include: *Carlos McGrew v. Richard L. Stalder, et al,* CV 00-727-RET-SCR (M.D. La.); *Carlos McGrew v. Dr. Jonathan Roundtree, et al*, CV 09-859-RET-CN (appeal dismissed as frivolous); and, *Carlos McGrew v. Warden Nathan Burl Cain, et al*, CV 09-1019-JVP-SCR (appeal dismissed as frivolous).